IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH PROUT** | : | **CIVIL ACTION** |
| **v.** | : | |
| **VARNER** | : | **NO. 07-cv-4202** |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of prisoners in state custody who make arguments involving the United States Constitution, such habeas corpus relief from custody is available pursuant to 28 U.S.C. §2254 (which is part of AEDPA). If a writ of habeas corpus pursuant to 28 U.S.C. §2254 is issued by a federal court, the prisoner will be released from state custody on the grounds that certain Constitutionally protected rights have been violated; habeas corpus motions pursuant to 28 U.S.C. §2254 are the ***only*** possible means of obtaining this type of relief. Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001).

By means of AEDPA, Congress ***intentionally*** created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254. One such intentionally restrictive gate-keeping condition is AEDPA's ***strict and short statute of limitations***, created by 28 U.S.C. §2244(d). Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called ***"second or successive rule"***, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a habeas if that litigant had at least one prior habeas that was dismissed with prejudice. For purposes of habeas corpus attacks on state custody, the concept of 'dismissal with prejudice' vis-a-vis the second or successive rule means ***either:***

1

1. that the prior case was dismissed after merits consideration and denial on the merits; **_or_**

2. that the prior case was dismissed on grounds of procedural default;[1] **_or_**

3. that the prior case was dismissed on grounds of 28 U.S.C. §2244(d)'s statute of limitations.

Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997).  The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions.  Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

In the instant situation, Petitioner filed a habeas petition, 07-cv-4202, on September 17, 2007.  It is his third habeas petition.  There are two previous 28 U.S.C. §2254 petitions, namely 03-cv-6911 and 05-cv-4905, filed by the petitioner respectively, which attacked the same conviction and sentence attacked in this matter.  Petitioner's first habeas, 03-cv-6911, was dismissed without prejudice on the grounds of failure to exhaust state remedies.  His second habeas, 05-cv-4905, was dismissed with prejudice on grounds of being time-barred by the statute of limitations.

The instant petition argues that 05-cv-4905 was erroneously dismissed as time-barred, due to an alleged analytic error allegedly made by this court in that matter.

Petitioner bases his grounds for relief not on AEDPA, but on the following three

---

[1] A 28 U.S.C. §2254 case is found to be Procedurally Defaulted where the petitioner in such a §2254 case previously had the right to file an appeal of the conviction and/or sentence involved to a state court but the petitioner did not, in fact, file such an appeal, and some procedural rule of the state court system dictates that the time has passed for such a state filing.  This principle is based on the concept that the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate matters in state appellate courts.  Slack v. McDaniel, 529 U.S. 473 (2000).

arguments:

    **Argument #1**: that there exists alleged "inherent" "equity jurisdiction" in federal courts under Article III of United States Constitution, which allegedly cannot be limited by Congress, and which allegedly justifies relief for the petitioner; and

    **Argument #2**: that 28 U.S.C. §2243 allegedly stands by itself to justify relief for petitioner.

    **Argument #3**: that Federal Rule of Civil Procedure 60(b) justifies relief for the petitioner; and

### *Discussion of Argument #1.*

Petitioner alleges that there is some inalienable "Equity Jurisdiction" that rests with federal courts pursuant to Article III of the United States Constitution, and that this "Equity Jurisdiction" allegedly cannot be subject to Congressional Limitation.

Article III, Section 2, Clause 2 of the United States Constitution bestows upon Congress the authority to both make "Exceptions" to the jurisdiction of federal courts, and to create "Regulations" limiting this jurisdiction. Petitioner's argument that Congress has acted unconstitutionally in limiting the habeas corpus jurisdiction of federal courts by means of AEDPA must therefore fail.

### *Discussion of Argument #2.*

28 U.S.C. §2243 is part of Chapter 153 of Title 28 of the United States Code. Petitioner is incorrect when he says that other provisions of Chapter 153 of Title 28 of the United States Code, most specifically 28 U.S.C. §2244, do not apply to arguments based upon 28 U.S.C. §2243. Both statutes, 28 U.S.C. §2243 and 28 U.S.C. §2244, by their own terms, deal with the concept of habeas corpus. 28 U.S.C. §2244(b) specifically lays down procedures related to "second or successive" habeas corpus petitions, whereas 28 U.S.C. §2243 does not even mention the concept of "second or

successive" habeas corpus petitions.  28 U.S.C. §2244(d) specifically establish a strict and short statute of limitations in habeas corpus cases whereas 28 U.S.C. §2243 does not even mention the concept of a statute of limitations in habeas corpus cases.  In situations where a petitioner is seeking habeas corpus relief and two different parts of the various habeas corpus statues may apply, the more specific habeas corpus statute takes precedence over the more general habeas corpus statute.  Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).  Accordingly, petitioner is incorrect when he states that 28 U.S.C. §2244 does not apply to cases purportedly seeking relief based upon 28 U.S.C. §2243 alone.

### *Discussion of Argument #3:*

The Supreme Court of the United States has held that federal statutes, such as AEDPA, take precedence over any rule of court, including Rule 60(b), and that where a prisoner files a purported Rule 60(b) motion which makes an argument based upon the United States Constitution, federal law or treaties entered into by the United States, that purported Rule 60(b) petition is to be treated as "similar enough" (in the Supreme Court's own words) to an AEDPA claim that failure to apply the second or successive rule of AEDPA would be inconsistent with AEDPA.  Gonzalez v. Crosby, 545 U.S. 524 (2005).  See, also, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The fact that habeas corpus relief pursuant to AEDPA is precluded by AEDPA's "second or successive rule," or by AEDPA's strict and short statute of limitations, or by any other provisions of AEDPA, does not mean that an alternative route to the same goal is available by means of a Petition pursuant to Rule 60(b).  Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  As the Third Circuit Court of Appeals has

correctly noted, if a petitioner could, by means of such a Rule 60(b) petition, get around Congress's clear intent in adopting AEDPA, the result would be "a complete miscarriage of justice." United States v. Baptiste, 223 F.3d 188 at 190.  Accord, Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

There is however, one narrow exception to the aforesaid statutes, rules of court and case law.  In the context of state prisoners, a Rule 60(b) motion would not be treated as a de facto AEDPA petition if the Rule 60(b) Motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal constitution, federal law or federal treaties.  Gonzalez v. Crosby, 545 U.S. 524 (2005). An example of such a case where the court could consider such a Rule 60(b) motion is where the previous habeas decision was denied without merits consideration, and the prisoner  attacks solely the basis of how that previous non-merits decision was procured without making any argument based upon the federal constitution, federal law or federal treaties (such as attacks on how the previous habeas case was found by the court to be procedurally defaulted, or attacks on how the previous case was found by the court to be not be in compliance with the statute of limitations).  Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

In this Court's view, the instant argument, if true, is directly on point with the narrow exception to the general rules of AEDPA and Rule 60(b) carved out by the U.S. Supreme Court in Gonzalez and by the United States Court of Appeals for the Third Circuit in Pridgen.

Accordingly, this                                        day of October, 2007, in accordance with the procedure for the related assignment of habeas corpus cases, Local Civil Rule 72.1 and 28 U.S.C. §636(b)(1)(B), it is hereby

**ORDERED** that the above-captioned case is referred to the Honorable Thomas

J. Rueter, Chief United States Magistrate Judge, for a Report and Recommendation as related to 05-cv-4905, and, it is further

**ORDERED** that as per Local Civil Rule 72.1.IV(c), all issues and evidence shall be presented to the United States Magistrate Judge, and that new issues and evidence shall not be raised after the filing of the Report and Recommendation if they could have been presented to the United States Magistrate Judge.


          **S/ JAMES T. GILES**
          **JAMES T. GILES, U.S. District Judge**